IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-71-D
No. 4:15-CV-80-D

| | |
|---|---|
| RODNEY LUCAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 20, 2015, Rodney Lucas ("Lucas") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 228-month sentence [D.E. 61]. On September 21, 2015, the government moved to dismiss Lucas's section 2255 motion [D.E. 67] and filed a memorandum in support [D.E. 68]. On October 2, 2015, Lucas filed a motion for a hearing [D.E. 70]. On October 8, 2015, Lucas filed a response in opposition to the government's motion to dismiss [D.E. 71]. As explained below, the court grants the government's motion, dismisses Lucas's section 2255 motion, and denies Lucas's motion for a hearing.

I.

On January 9, 2012, without a plea agreement, Lucas pleaded guilty to being a felon in possession of a firearm on October 9, 2009, in violation of 18 U.S.C. §§ 922(g)(1) and 928 ("count one") and to unlawfully possessing ammunition as a convicted felon on April 1, 2010, in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("count two"). See [D.E. 32]. At his Rule 11 hearing, Lucas stated under oath that he had not been induced to plead guilty by any threats or promises. See Rule 11 Tr. [D.E. 55] 8. Lucas also swore that he understood the charges to which he was pleading guilty and understood the maximum penalties provided for those charges. See id. 4–6. Lucas also swore

that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 6–10. Lucas also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum on each count. See id. 4–8.

At the end of his Rule 11 hearing, Lucas pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 11–15. The court then accepted Lucas's guilty plea. See id. 15–17.

On June 15, 2012, at Lucas's sentencing hearing, the court calculated Lucas's advisory guideline range as 77–96 months' imprisonment on count one and count two. See Sentencing Tr. [D.E. 56] 32. After calculating the advisory guideline range, the court heard arguments on the government's upward departure motion under U.S.S.G. § 4A1.3. See id. 32–44. The court granted the government's motion and upwardly departed to a total offense level of 21, a criminal history category of VI, and an advisory guideline range of 188 to 235 months' imprisonment. See id. 44–50. The court noted that the statutory maximum on count one and count two, respectively, was 120 months' imprisonment, but that the court could impose a sentence within the advisory guideline range by stacking Lucas's sentences under U.S.S.G. § 5G1.2(d). See id. 48–50.

After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Lucas's allocution, the court sentenced Lucas to 120 months' imprisonment on count one, and 108 months' imprisonment on count two, with the sentences to run consecutively. See id. 55–60. Thus, Lucas's total sentence was 228 months' imprisonment. See id. 60.

2

Lucas appealed. On October 18, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Lucas's conviction and sentence. See United States v. Lucas, 542 F. App'x 283, 284–89 (4th Cir. 2013) (unpublished). The Fourth Circuit rejected Lucas's argument that the court erred in calculating the advisory guideline range, in upwardly departing, or in imposing Lucas's sentence. See id. Lucas filed a timely petition for a writ of certiorari. On February 24, 2014, the Supreme Court denied the petition. See Lucas v. United States, 134 S. Ct. 1349 (2014).

On May 20, 2015, Lucas filed his section 2255 motion. See [D.E. 61]. Lucas makes four claims: (1) prosecutorial misconduct; (2) trial court errors; (3) ineffective assistance of counsel; and (4) receiving an "unauthorized enhanced sentence." [D.E. 61] 4–9.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11

3

F.3d 223, 225 (1st Cir. 1993).

As for Lucas's claims of prosecutorial misconduct, trial court errors, and an unauthorized sentence, Lucas failed to raise these claims on direct appeal. Thus, the general rule of procedural default bars Lucas from presenting these claims under 28 U.S.C. section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Lucas has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

Alternatively, dismissing these claims does not amount to a miscarriage of justice warranting relief under 28 U.S.C. section 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015). Notably, when this court sentenced Lucas, the guidelines were advisory, and Lucas received a sentence that was below the statutory maximum on count two. On these facts, Lucas cannot obtain relief concerning this claim under section 2255. See id.

Alternatively, the claims fail on their merits. First, Lucas has not plausibly alleged any prosecutorial misconduct. Cf. United States v. Chorman, 910 F.3d 102, 103 (4th Cir. 1990) (party asserting prosecutorial misconduct must specifically identify improper prosecutorial behavior and prejudice). Although Lucas's section 2255 motion is unclear, he apparently contends that the prosecutor did not adequately prove his guilt beyond a reasonable doubt at the Rule 11 proceeding or prove his criminal history category at sentencing. See [D.E. 61] 15. Lucas, however, pleaded guilty, and the Rule 11 proceeding (including his sworn admissions and the government's proffer)

4

established Lucas's guilt. See, e.g., United States v. Ruiz, 536 U.S. 622, 628–29 (2002). As for Lucas's attack on his criminal history category, he has not plausibly alleged prosecutorial misconduct and an attack on his criminal history category is not cognizable under section 2255. See, e.g., Foote, 784 F.3d at 935–36.

Second, Lucas's claim of trial errors and his claim that he received an improperly enhanced sentence both stem from Lucas's mistaken belief that his sentence was improper. The Fourth Circuit, however, reviewed his sentencing challenges on direct appeal and held that Lucas's sentence was procedurally and substantively reasonable. See Lucas, 542 F. App'x at 284–88. Lucas cannot use section 2255 to recharacterize and relitigate claims that he raised and lost on direct appeal. See, e.g., United States v. Frady, 456 U.S. 152, 164–65 (1982); United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 & n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Furthermore, any double jeopardy claim concerning count one and count two is frivolous. See, e.g., Blockburger v. United States, 284 U.S. 299, 202–04 (1932).

As for Lucas's ineffective-assistance claim, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th

5

Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Lucas must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Lucas's claim concerns his lawyer's alleged failure to advise him about sentencing. See [D.E. 61] 17. During Lucas's Rule 11 proceeding, however, Lucas swore under oath that no one had "made any promise to [him] or anyone else that's made him decide to plead guilty." Rule 11 Tr. 8. Moreover, during Lucas's Rule 11 proceeding the court explained the statutory maximum of each count, that any estimate on any sentencing topic was not binding on the court, that the court could sentence him to the statutory maximum on each count, and that if it did so, Lucas could not then withdraw his guilty plea. Id. 5–10. Lucas swore that he understood these facts. Id.

Lucas's sworn statements at his Rule 11 proceeding bind him and defeat his claim of ineffective assistance of counsel. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Lucas's counsel did not render ineffective assistance, and Lucas's claim fails.

6

After reviewing the claims presented in Lucas's motion, the court finds that reasonable jurists would not find the court's treatment of Lucas's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 67], DISMISSES Lucas's section 2255 motion [D.E. 61], DENIES Lucas's motion for a hearing [D.E. 70], and DENIES a certificate of appealability.

SO ORDERED. This __3__ day of October 2016.

*JAMES C. DEVER III*
Chief United States District Judge