IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-71-D
No. 4:19-CV-148-D

| | |
|---|---|
| RODNEY LUCAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 10, 2019, Rodney Lucas ("Lucas" or "petitioner") filed another motion to vacate his conviction under 28 U.S.C. § 2255 [D.E. 85].[1] On the same date, Lucas sought authorization to file the motion in the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244, which that court denied on September 14, 2021. See Mot. & Order, In re Lucas, No. 19-403, 4:11-cv-71-D-1 (4th Cir.), [D.E. 2, 8]. On May 12, 2020, the court stayed the action pending additional appellate proceedings in United States v. Gary, 954 F.3d 194 (4th Cir. 2020), rev'd, Greer v. United States, 141 S. Ct. 2090 (2021). See [D.E. 92]. Lucas moves for summary judgment [D.E. 88], and the government moves to dismiss the motion [D.E. 97]. Lucas also moves "for relief of judgement" pursuant to Federal Rule of Civil Procedure 60(b) [D.E. 84].

Lucas's section 2255 motion seeks relief based on Rehaif v. United States, 139 S. Ct. 2191 (2019). See [D.E. 85] 4; [D.E. 85-1] 1–8. Lucas also argues that he received ineffective assistance of counsel at sentencing and in deciding whether to plead guilty. See [D.E. 85] 5; [D.E. 85-1] 8–11.

---

[1] Lucas filed his first section 2255 motion on May 20, 2015 [D.E. 61], and the court dismissed the motion on October 3, 2016 [D.E. 72].

Respondent argues that the court lacks jurisdiction over Lucas's section 2255 motion because it is an unauthorized second or successive motion, and alternatively that Lucas fails to state a claim.

The court grants respondent's motion to dismiss the petition for lack of jurisdiction. Because petitioner's section 2255 motion is "successive," and he has not received authorization from the United States Court of Appeals for the Fourth Circuit to file it, the court lacks jurisdiction to consider it. See, e.g., [D.E. 61, 72, 84]; 28 U.S.C. § 2255(h); Gonzalez v. Crosby, 545 U.S. 524, 528–38 (2005); Richardson v. Thomas, 930 F.3d 587, 595–600 (4th Cir. 2019); Moses v. Joyner, 815 F.3d 163, 167–69 (4th Cir. 2016); United States v. Winestock, 340 F.3d 200, 204–05 (4th Cir. 2003), abrogated in part by United States v. McRae, 793 F.3d 392 (4th Cir. 2015); Surratt v. United States, No. 1:12-CR-00055-MR-WCM-1, 2021 WL 4248088, at *2 (W.D.N.C. Sept. 17, 2021) (unpublished). Thus, the court dismisses Lucas's section 2255 motion without prejudice, and denies as moot his motion for summary judgment.

As for Lucas's motion for reconsideration, Lucas argues that "the legality of his conviction demands vacating because the District Court did not have jurisdiction to try and sentence" Lucas where "[t]he land and property in which [he] was arrested, as well as his residence . . . where a search warrant was obtained, was on land the United States [h]as [n]ot accepted jurisdiction" by either "[c]onsent" or "[c]ession." [D.E. 84] 3–4. Lucas, however, cannot use a motion under Rule 60(b) to avoid the legal effect of 28 U.S.C. § 2244(b)(3). See, e.g., Winestock, 340 F.3d at 206–207. Moreover, Lucas does not identify any defect in the integrity of the first section 2255 proceeding. Rather, he attempts to challenge his conviction and sentence on yet another new basis. Accordingly, his motion constitutes a successive motion under 28 U.S.C. § 2255. See id. at 207. Lucas did not obtain pre-filing authorization from the Fourth Circuit, and this court lacks jurisdiction to consider Lucas's second or successive petition. See 28 U.S.C. § 2244(b)(3)(A); Winestock, 340 F.3d at 205.

2

Alternatively, even if the court has jurisdiction and considers the merits of Lucas's motion under Rule 60(b) of the Federal Rules of Civil Procedure, the court denies the motion as frivolous.

In sum, the court LIFTS the stay, GRANTS IN PART the government's motion to dismiss [D.E. 97], DISMISSES WITHOUT PREJUDICE Lucas's motion to vacate [D.E. 85] for lack of jurisdiction, and DENIES Lucas's motions for summary judgment and reconsideration [D.E. 84, 88]. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 7 day of December, 2021.

JAMES C. DEVER III
United States District Judge